Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

_____ Division

Chad Batterman

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Henry Hilles III
Judge Henry Hilles III

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Chad Batterman |
| Address | 1400 Sackettsford Road |
| | Ivyland, PA 18974 |
| | *City        State        Zip Code* |
| County | Bucks County |
| Telephone Number | 610-587-0036 |
| E-Mail Address | chadbatterman@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Henry Hilles III |
| Job or Title *(if known)* | Judge Henry Hilles III |
| Address | 2 E. Airy Street |
| | Norristown, PA 19404 |
| | *City        State        Zip Code* |
| County | Montgomery County |
| Telephone Number | 610-278-3460 |
| E-Mail Address *(if known)* | judgehillesvirtualcourtroom@montcopa.org |

[✓] Individual capacity   [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Judge Henry Hilles III |
| Job or Title *(if known)* | Judge Henry Hilles III |
| Address | 2 E. Airy Street |
| | Norristown, PA 19404 |
| | *City        State        Zip Code* |
| County | Montgomery County |
| Telephone Number | 610-278-3460 |
| E-Mail Address *(if known)* | judgehillesvirtualcourtroom@montcopa.org |

[ ] Individual capacity   [✓] Official capacity

Defendant No. 3
    Name                   _____
    Job or Title *(if known)*   _____
    Address               _____
                                  _____  _____  _____
                                    City          State        Zip Code
    County                _____
    Telephone Number   _____
    E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name                   _____
    Job or Title *(if known)*   _____
    Address               _____
                                    City          State        Zip Code
    County                _____
    Telephone Number   _____
    E-Mail Address *(if known)* _____

☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

       ☐ Federal officials (a *Bivens* claim)

       ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

This action arises under the United States Constitution, particularly under the provision of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the laws of the United States, particularly under the Civil Rights Act, Title 42 U S C §1983 This Court has supplemental jurisdiction over the state law claims pursuant to 28 U S C §1367

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all times mentioned herein and relevant hereto Defendant acted in his capacity as Montgomery County Court of Common Pleas Court Judge and as such and in this capacity he acted under the color of state law. Defendant is herein sued in his official capacity and as an individual.

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?
PLEASE SEE SECTION A ATTACHED.

B.  What date and approximate time did the events giving rise to your claim(s) occur?
PLEASE SEE SECTION B ATTACHED

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
PLEASE SEE SECTION C ATTACHED

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

35. The Defendant's above described outrageous acts directed against Plaintiff inflicted severe emotional distress and physical distress and thereby caused Plaintiff damage.

36. The Physical stress experienced by Plaintiff is continuing and causes Plaintiff to suffer, among other things, anguish, humiliation, severe headaches, palpitations, sleeplessness, nausea, tiredness and irregular heartbeat and severe chest and stomach pains, thus indication an ongoing insult to Plaintiff's body integrity caused by Defendant.

37. Defendants' conduct was deliberate, outrageous and such that is intolerable in our society. Plaintiff is a reasonable person and has been forced to expend countless hours in his efforts to rectify this matter, to protect and to defend his constitutional rights.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

38. Plaintiff respectfully prays that this Court grants Declaratory Judgment against the Defendant to correct the record, to expunge his unconstitutional orders, to cease his infringement upon the Pennsylvania citizens' constitutional guaranty, that Defendant has violated the Constitutional Rights of the Plaintiff as alleged herein above, that Defendant be recuse from the Plaintiff's case in the Montgomery County Court of Common Pleas and that Defendant be barred from ever presiding over any case in Court involving Plaintiff.

39. Plaintiff respectfully prays for Judgment, including interest, against the Defendant and severally liable for actual, general and compensatory damages in the amount of $1,500.000, reimbursement of any costs associated with this Complaint and such other relief deemed to be appropriate by this Honorable Court.

40. Plaintiff prays for punitive damages.

41. Plaintiff prays for trial by a jury.

42. Plaintiff reserves the right to file an amended complaint.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/23/2023

Signature of Plaintiff: *[signed]*

Printed Name of Plaintiff: Chad Batterman

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                    City              State           Zip Code

Telephone Number

E-mail Address

III. STATEMENT OF CLAIM

A. Where did the events giving rise to your claim(s) occur?

1. The Montgomery County Court of Common Pleas located at 2 E. Airy Street Norristown, PA 19404.

B. What date and approximate time did the events giving rise to your claim(s) occur?

2. March 2, 2022 estimated around 12pm.

3. March 9, 2022 estimated around 12pm

4. April 21, 2022 around 12pm

5. April 22, 2022 around 3pm

6. July 13, 2022 estimated around 12pm

7. August 9, 2022 estimated 5pm

8. June 1, 2023 estimated around 3

9. June 7, 2022 estimated around 12

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?
Was anyone else involved? Who else saw what happened?)

10. Plaintiff avers the Defendant on several occasions has denied Plaintiff's Constitutional Rights.

11. The Defendant's acts are not a general function normally performed by a Judge.

12. The Defendant on several occasions has acted so far outside of his authority that he was in effect not functioning as a Judge at all.

13. Plaintiff avers the Defendant's conduct went beyond legal error, to the point that the Defendant was no longer truly functioning as a Judge.

14. Plaintiff avers that Defendant has held hearings acted not as a neutral arbiter of disputes, but as a prosecutor/counsel or advocate, which is in violation of all judicial norms. By way of example, Defendant has consistently made objections at trial on behalf of Plaintiff's opposing

party in Family Court (his separated wife), which Defendant is the assigned Judge of. The Defendant has questioned Plaintiff including cross-examination of Plaintiff at trial acting as counsel and advocate for Plaintiff's separated wife at trial. The Defendant has even questioned Plaintiff's separated wife in detail at a trial even after her attorney questions her at trial.

15. The Defendant has elicited testimony from Plaintiff's separate wife at trial in Order to advocate and act as counsel for Plaintiff's separated wife. Additionally, the line of questioning the Defendant asks Plaintiff's separated wife at trial has been outside the four corners of the petition which was in front of Defendant, in most cases in defiance of Defendant's own Scheduling Orders created to follow for a specific trial.

16. Defendant has modified custody at contempt hearing's in Order to find Plaintiff in contempt.

17. Defendant has modified custody at contempt hearing's when there was no pending petition to modify custody pending in front of Defendant.

18. The Defendant has issued emergency contempt orders without there being an emergency. The Defendant has issued emergency order's removing the parties' children from Plaintiff without the legal authority to do. Defendant has issued an emergency order removing the parties' children from Plaintiff at a hearing Defendant failed to provide proper service to Plaintiff and Plaintiff's attorney along with Plaintiff's separated wife failing to provide proof of service to Defendant and Plaintiff an still Defendant issued the emergency order.

19. The Defendant has written opinions to The Superior Court relating to an appeals Plaintiff has filed and has flat out willfully lied and misrepresented the facts including testimony and exhibits in Defendant's opinion against Plaintiff.

20. The Defendant has barred Plaintiff from making objections at trial as well as refused to rule on Plaintiff's objection's and has forced witnesses and/or the individual testifying to answer the question before he ruled on the objection.

21. The Defendant has denied Plaintiff the right to have witnesses testify at trial.

22. The Defendant has denied Plaintiff the right to submit exhibits into the record including video exhibits without objection from the opposing party at trial's.

23. Defendant has made religiously insensitive and insulting comments regarding Plaintiff's religion and issued Orders only supporting Plaintiff's separated wife's religious holiday's over Plaintiff's. Further, related to same, the Defendant has fined Plaintiff unjustly on several

occasions including for practicing his religion.

24. Defendant has ignored clear Court Orders from other Montgomery County Court of Common Pleas Judges on several occasions.

25. The Defendant has refused to grant several continuances for Plaintiff despite testing positive for Covid-19 and having physician certificate's confirming same and that Plaintiff was unable to go through with the trial that day. Defendant still continued with the hearing allowing Plaintiff's opposing party (Plaintiff's separated wife)to testify at several hearings, submit exhibits and move them into the record all without objections being allowed from Plaintiff and without Plaintiff and Plaintiff's counsel being present in the Courtroom.

26. Plaintiff filed a continuance request with the Court for a last minute scheduled hearing due to having a vacation planned and paid for/non refundable, in compliance with a Custody Order months prior to the last minute planned hearing. Defendant denied Plaintiff's continuance request and still proceeded with the hearing without Plaintiff, allowing Plaintiff's separated wife to testify to whatever she wanted to and to submit any exhibit into the record without any objection or testimony or exhibits and testimony from Plaintiff.

27. Plaintiff filed a petition for a continuance for a last minute hearing notifying the Court that his process server was unable to serve material witnesses for the hearing due to several reasons outlined in Plaintiff petition filed with Defendant and requested a continuance. The Defendant denied said continuance request and held the hearing without Plaintiff or Plaintiff witnesses. Defendant also Ordered Plaintiff and witnesses to attend the hearing in person and refused to allow a remote trial via zoom.

28. Plaintiff avers the Defendant months after the close of a trial when Plaintiff had moved into the record thousands of pages of his exhibits that were not objected to by Plaintiff's separate wife, after Plaintiff's appeal was pending with The Superior Court of Pennsylvania, after the Defendant submitted is Opinion to the Superior Court for related appeal and after Plaintiff submitted his brief to the Superior Court for related appeal, Defendant held an "Admissibility Hearing" with Defendant only requiring Plaintiff to attend. Defendant refused to provide the Superior Court all the exhibits that Plaintiff moved into the record at the trial and in an effort for Defendant to win the appeal with the Superior Court against Plaintiff held the "Admissibility Hearing" for the sole purpose of removing almost all of Plaintiff's previous exhibits that were part of the certified record. At the hearing the Defendant forced Plaintiff to re-testify to the

thousands of pages he already months prior testified to and moved into the record. Defendant bombarded Plaintiff with countless questions acting as a prosecutor/counsel or advocate. Plaintiff avers that the Defendant forced Plaintiff to testify at the trial to the same exact exhibits that months prior took five to seven hours to testify and now only allow less that two hours. Plaintiff avers there was not enough time to re-testify and the Defendant said that he was going to decide which of Plaintiff's exhibits were relevant to Plaintiff's appeal and he would decide which of Plaintiff exhibits he would remove from the record and which exhibits he would transfer to the Superior Court for related appeal. At said hearing the Defendant also made countless objections to Plaintiff's exhibits he was re-testifying to arguing why he felt the were relevant or not to Plaintiff's appeal.

29. The Defendant issued an Order suspending Plaintiff's ability to make online filings with the Montgomery Court of Common Pleas Prothonotary along with his counsel. Further, Defendant issued an Order stating Plaintiff can only make filings in person and Plaintiff's counsel nor any third party are allowed to make filings with the Montgomery County of Common Pleas Prothonotary on behalf of Plaintiff.

30. The Defendant issued an Order not allowing Plaintiff's attorney to enter his appearance on the record with the Montgomery County Court of Common Pleas Prothonotary.

31. After the Defendant issued an Order to suspend Plaintiff's e-access to the Montgomery County Court of Common Pleas, Defendant failed to Order Prothonotary moving forward to serve all Orders of the Court to Plaintiff via USPS First Class as Prothonotary cut off Plaintiff's access from receiving Orders via electronic communications due to the Defendant's Order. Due to Defendant failing to do so, Plaintiff has been greatly prejudiced by not receiving any Order of the Court since December 2022 including but no limited to notice of hearings, which have been missed by Plaintiff and Plaintiff's attorney due to not receiving service of Court Orders. Despite the Defendant knowing this, he continues to hold hearings without Plaintiff and Plaintiff's counsel even issuing Orders based solely upon Plaintiff's separated wife's testimony and exhibits.

32. Defendant has received documents at Chambers requesting relief, which he was immediately supposed to provide to the Montgomery County Court of Common Pleas to be filed and Defendant failed to do so.

33. The Defendant refused to continue a hearing after receiving notice prior to the hearing in writing from Plaintiff that Plaintiff was hospitalized and neither he nor counsel were aware of any scheduled hearings nor have Plaintiff or Defendant received any Orders from the Montgomery County Court of Common Pleas.

34. The Defendant issued temporary Orders removing the parties' children on an Emergency Contempt Petition filed by Plaintiff's separated wife suspending custody of the parties' children with Plaintiff without an end date to the temporary Order and as punishment for Contempt. Additionally, there was no Emergency Petition for Custody Modification or for any kind of Special Relief in front of the Defendant when he made such Orders, several times without even holding a hearing and basing his Orders solely on Plaintiff's separate wife's Emergency Contempt Petition, which did not allege the parties' children were in danger, nor did the petition allege Plaintiff was abusing the children or abusing alcohol and/or drugs. The Orders were issued when there was no true emergency, which previously Plaintiff filed near identical Emergency Petition's as Plaintiff's separated wife did with the Defendant, however Defendant for Plaintiff's petitions deemed Plaintiff's near identical petitions either not an emergency or dismissed his petitions with prejudice and as frivolous and found Plaintiff in contempt at a hearing Defendant held without Plaintiff in attendance.