## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD BATTERMAN, : | |
| *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-2431 |
| : | |
| HENRY HILLES, III, : | |
| *Defendant*. : | |

### MEMORANDUM

**PAPPERT, J.**                                                                                                     **August 14, 2023**

*Pro se* plaintiff Chad Batterman filed this civil action pursuant to 42 U.S.C. § 1983 asserting claims against a single Defendant, Henry Hilles, III, a judge for the Montgomery County Court of Common Pleas, in his individual and official capacities.[1] Batterman also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Batterman leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Batterman listed both Henry Hilles III and Judge Henry Hilles III in the area of the form Complaint where he was instructed to provide information for each named defendant. These separately listed individuals appear to be the same person, with the same address and contact information. The only distinction is that Batterman checked off the box for individual capacity with respect to Henry Hilles III, and he checked off the box for official capacity with respect to Judge Henry Hilles III. *See* Compl. (ECF No. 2) at 2.)

I[2]

Batterman's claims are based on Judge Hilles' actions and decisions while he presided over a custody case in the Montgomery County Court of Common Pleas between Batterman and his estranged wife, Silvia Santo. *See, e.g., Batterman v. Santo*, 292 A.3d 1083 (Pa. Super. Ct. 2023), *reargument denied* (Feb. 28, 2023), *appeal denied*, No. 147 MAL 2023, 2023 WL 3142446 (Pa. Apr. 28, 2023). Batterman avers that the events giving rise to his claims occurred at the Montgomery County Courthouse on various dates and times from March 2022 through August 2022. (Compl. at 4, 7.)

Batterman contends that Judge Hilles violated his constitutional rights on several occasions, and that the judge's acts were not a general function normally performed by a judge, and he acted "so far outside of his authority" that he was not acting as a judge at all. (*Id.* at 7.) Specifically, Batterman claims Judge Hilles acted as a "prosecutor/counsel or advocate" by making objections on behalf of Batterman's wife and by questioning and cross-examining Batterman during custody proceedings. (*Id.* at 8.) Batterman asserts that Judge Hilles also elicited testimony from Ms. Santo in order "to advocate and act as counsel for [his] separated wife." (*Id.*) Batterman further contends that Judge Hilles barred him from making objections, refused to rule on his objections, denied him the right to have witnesses testify and submit exhibits into the record, suspended his ability to make online filings with the court, and issued an order preventing Batterman's attorney from entering his appearance. (*Id.* at 8, 10.)

---

[2] The facts set forth in this Memorandum are taken from Batterman's Complaint, which consists of the Court's form complaint and a typewritten portion. The Court will consider the entire submission to constitute the Complaint, and adopt the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

Batterman also claims that Judge Hilles made "insensitive and insulting comments" regarding his religion and "fined [him] unjustly on several occasions including for practicing his religion." (*Id.* at 8-9.) Judge Hilles also allegedly refused to grant Batterman's "several" requests for continuances even though Batterman tested positive for COVID-19, had a non-refundable vacation planned, was hospitalized, and was unable to serve his "material witnesses." (*Id.* at 9, 11.) In those instances, Batterman contends that Judge Hilles conducted hearings in Batterman's absence and allowed Ms. Santo to testify and submit exhibits without objection. (*Id.* at 9-10.)

Batterman claims Judge Hilles modified custody at contempt hearings in order to find Batterman in contempt even when there was no pending modification petition. (*Id.* at 8.) Batterman further contends that Judge Hilles issued emergency orders suspending Batterman's custody of his children without the legal authority to do so and without properly notifying Batterman. (*Id.* at 8, 11.) Judge Hilles also allegedly "failed to Order" the Prothonotary to serve Batterman by mail and, as a result, Batterman asserts that he "has been greatly prejudiced" because he hasn't received any orders or notices since December 2022. (*Id.* at 10.) Finally, with respect to his appeal to the Pennsylvania Superior Court, Batterman contends that Judge Hilles "willfully lied and misrepresented the facts" and refused to provide the Superior Court with all the exhibits that had been moved into the record at trial. (*Id.* at 9-10.)

Batterman contends that Judge Hilles's conduct was deliberate, outrageous, and "intolerable in our society." (*Id.* at 5.) He says Judge Hilles's "outrageous acts" have caused him severe emotional and physical distress, humiliation, and anguish. (*Id.*) Batterman experienced severe headaches, palpitations, sleeplessness, nausea,

tiredness, chest and stomach pains, and an irregular heartbeat. (*Id.*) Based on his allegations, Batterman seeks a declaratory judgment and the expungement of Judge Hilles's "unconstitutional orders." (*Id.*) He also seeks Judge Hilles' recusal and requests that Judge Hilles "be barred from ever presiding over any case in Court involving [Batterman]." (*Id.*) For good measure, Batterman seeks monetary and punitive damages.

II

The Court grants Batterman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Batterman is proceeding *pro se*,

the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Batterman alleges that Judge Hilles violated his First, Fourth, Fifth, and Fourteenth Amendment rights. (Compl. at 3.)[3] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As set forth below, Batterman has not stated a plausible § 1983 claim against Judge Hilles.

Batterman's claims against Judge Hilles are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso v. The Supreme Court of New Jersey*, 588

---

[3] Batterman appears to want the Court to intervene in the state court child custody dispute. The Court declines to do so. To the extent the child custody proceedings have concluded in a manner adverse to Batterman, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is not clear whether the rulings of which Batterman complains are "final judgments" for purposes of *Rooker-Feldman*, so the Court cannot say at this time that Batterman is pursuing an improper appeal of a state court judgment under the *Rooker-Feldman* doctrine. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).

F.3d 180, 184 (3d Cir. 2009) (citations omitted).  Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and *ex parte*' manner', . . . [or] because the judge's action is 'unfair' or controversial."  *Gallas*, 211 F.3d at 769 (citations omitted).  A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'"  *Id.* (quoting *Stump*, 435 U.S. at 356-57).  "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Batterman's claims stem from Judge Hilles' work in Batterman's custody and/or contempt proceedings concerning the two minor children he shares with Santo.  Judge Hilles presided over numerous hearings, made rulings on the admissibility of evidence, and issued orders with respect to several petitions for emergency court intervention.  All of the Complaint's allegations about Judge Hilles concern acts the judge took in his judicial capacity.  There are no facts suggesting that Judge Hilles acted in the absence of all jurisdiction and the claims against him are dismissed.[4]

---

[4] In filing his Complaint, Batterman indicated that he also seeks to sue Judge Hilles in his official capacity. (Compl. at 2.)  Any official capacity claims against Judge Hilles are really claims brought against the Commonwealth of Pennsylvania because Judges of the Court of Common Pleas are considered officials of the Commonwealth.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005).  Pennsylvania's courts are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity, and, as such, are not considered "persons" subject to liability under § 1983.  *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will v. Michigan State Police*, 491 U.S. 58, 70 (1989)); *Benn*, 426 F.3d at 241 (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment); *Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 693-96 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment

IV

For the foregoing reasons, the Court will grant Batterman leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

immunity with respect to official capacity claims). Accordingly, Batterman's official capacity claims will be dismissed with prejudice as legally baseless. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 56 (3d Cir. 2016) (dismissing appeal as baseless when district court, among other things, dismissed plaintiff's claim against the Commonwealth on grounds of Eleventh Amendment immunity pursuant to §§ 1915(e)(2)(B)(i) and (ii)); *Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015) (*per curiam*) (concluding that district court correctly dismissed complaint as frivolous, including on Eleventh Amendment grounds).